STATE EX REL. PAUL W. McMAHON ET AL. *v.*
WILLIAM A. JACOBS ET AL.

WYNNE, C. J., DALY, KING, MURPHY and SHAPIRO, JS.

Argued July 24—reargued October 10—
decided November 26, 1957

*Ernest W. McCormick,* with whom were *Denis T. O'Brien, Jr.,* and *Lee C. Fielden,* for the plaintiffs.

*Jay E. Rubinow,* with whom were *Paul B. Groobert, Arthur M. Lewis, William T. Shea* and, on

the brief, *John D. LaBelle,* for the defendants.

DALY, J. This action is brought to determine the titles to the offices of judge and associate judge of the Municipal Court of the city of Meriden. The case has been reserved for our advice upon questions presenting substantially the same issues as those discussed in our opinion in *State ex rel. Barlow* v. *Kaminsky,* decided this day.

The Municipal Court of Meriden, having both civil and criminal jurisdiction, was established by a special law enacted by the General Assembly in 1951. 26 Spec. Laws 644, Art. 15. The act was to take effect upon its approval at a special city election to be held not later than June 30, 1951. Id., 600, § 9. If a majority of the votes cast at the election favored the approval of the act, as happened, it was to take effect and be in force from January 1, 1952. Ibid. The act provided that "[t]here shall be a municipal court for the city of Meriden" and that "[t]here shall be a judge and an associate judge ... who shall, upon nomination by the governor, be appointed by the general assembly for such term and in such manner as shall be by law prescribed." 26 Spec. Laws 644 § 226, 645 § 233. The facts stipulated by the parties indicate that the offices of judge and associate judge of the Municipal Court of Meriden either did not exist prior to July 1, 1953, or, if they did exist prior to that date, had not been filled. A judge and an associate judge of the court were appointed by the General Assembly at its 1953 session for a term of two years from July 1, 1953, upon nomination by the governor. Id., 1356, 1361.

On April 28, 1955, during the 1955 session of the General Assembly, the governor nominated the plaintiff Paul W. McMahon to be judge and the plaintiff

Selig Schwartz to be associate judge of the court, "each for the term of four years from July 1, 1955." The General Assembly adjourned on June 8, 1955, without having taken any action on the nominations. Thereafter, on June 21, 1955, the governor appointed the plaintiff McMahon to be judge, and the plaintiff Schwartz to be associate judge, of the court, each "to fill vacancy from July 1, 1955, until the sixth Wednesday of the next session of the General Assembly and until a successor shall be appointed and shall have qualified." 27 Spec. Laws 719, 724. On July 1, 1955, the plaintiffs McMahon and Schwartz accepted their appointments and thereafter served as judge and associate judge, respectively, until July 1, 1957. On February 20, 1957, during the 1957 session of the General Assembly, the governor nominated the defendant William A. Jacobs to be judge and the defendant Francis J. O'Brien to be associate judge, "each for the unexpired portion of the term ending June 30, 1959." The General Assembly adjourned on June 10, 1957, without having taken any action on the nominations. Thereafter, on June 21, 1957, the governor purported to appoint the defendant Jacobs to be judge of the court and the defendant O'Brien to be associate judge, each "to fill vacancy until the sixth Wednesday of the next session of the General Assembly and until a successor shall be appointed and shall have qualified." The plaintiff McMahon and the defendant Jacobs each claims that he was, on July 1, 1957, and now is, the de jure judge of the court. Likewise, the plaintiff Schwartz and the defendant O'Brien each contends that he was on July 1, 1957, and now is, the de jure associate judge. The facts in this case are similar to those in *State ex rel. Barlow* v. *Kaminsky,* decided this day, and the identical legal question is presented. The decision

in that case impels a like decision in this one.

The questions upon which our advice is desired are: "1. Are Paul W. McMahon and Selig Schwartz the de jure Judge and Associate Judge respectively of the Municipal Court of the City of Meriden? 2. Are William A. Jacobs and Francis J. O'Brien the de jure Judge and Associate Judge respectively of the Municipal Court of the City of Meriden?" Our answer to each question is "No."

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.